ROSADO, RESPONDENT, *v.* HERNÁNDEZ, APPELLANT.

APPEAL from the District Court of Mayagüez.

No. 916.—Decided February 5, 1913.

COSTS—MOTIONS.—The provisions of section 132 of the Code of Civil Procedure are not applicable to motions concerning the recovery of costs.

ID.—NOTICE OF JUDGMENT OF SUPREME COURT—EXECUTION.—In accordance with the provisions of section 339 of the Code of Civil Procedure, amended by the Act of March 8, 1908, a party adjudged to pay the costs should be notified of the judgment of the Supreme Court affirming the decision of the trial court approving the memorandum of costs before a writ of execution will issue and the property of the debtor be levied on.

ID.—BILL OF EXCEPTIONS—STATEMENT OF CASE—MOTIONS—PRESUMPTION.—No bill of exceptions or statement of the case having been presented, this court is without the means to determine whether the debtor was notified of the decision of this court affirming the decision appealed from approving the memorandum of costs. A sworn motion cannot supply this omission and the presumption is that the trial court acted according to law.

The facts are stated in the opinion.
*Mr. José Sabater* for appellant.
The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case involves the collection of costs, disbursements and attorney's fees adjudged to the respondent, Rosado, and against the appellant, Hernández. The amount is only $137.20. The facts may be stated as follows:

The plaintiff, Rosado Fussá, brought an action in the Dis-

trict Court of Mayagüez against Agustín Hernández Mena and another to recover title to real property and secure an injunction. Judgment being rendered in favor of plaintiff with costs against the defendant, Agustín Hernández Mena, the former filed a memorandum of costs, disbursements and attorney's fees which was approved by the district court to the extent of $137.20. The defendant, Agustín Hernández Mena, appealed from part of the judgment and from the order approving the memorandum of costs; and, after a due consideration of the case, this Supreme Court handed down its decision on May 22, 1911, affirming in all things the judgment and order appealed from.

Such decision of the Supreme Court having been duly communicated to the District Court of Mayagüez, the plaintiff, Arturo Rosado Fussá, requested and obtained from the court two writs of execution for the recovery of the amount due and set forth in the said memorandum of costs, one of which writs was issued on August 25, 1911, and the other on October 23, 1911. In accordance with the terms of the writ first issued, the marshal of the District Court of Mayagüez attached the house described in folio 2 of the record, but desisted from the execution thereof, proceeding under the writ issued under date of October 23, 1911, to attach the sum of $132.28 belonging to the defendant, Agustín Hernández Mena, which amount the said marshal handed to Angel A. Vázquez, plaintiff's attorney, on October 26, 1911.

Thereupon, the defendant, Agustín Hernández Mena, presented a motion properly verified on August 19, 1912, to the district court, alleging substantially that the proceeding followed in this case by the plaintiff had been irregular and in violation of section 339 of the Code of Civil Procedure as amended by the act of March 12, 1908, because the writs of execution were issued and levied and the money appropriated to the plaintiff without notification to the defendant by the secretary of the district court or by any other officer of the judgment rendered by the Supreme Court of Porto Rico

on May 22, 1911, affirming the order of the district court made on January 9, 1911, approving the memorandum of costs. This motion was duly presented to the court; and, on argument on October 18 last, the district court passed a resolution declaring the same to be unfounded in all its parts, imposing costs on the mover, and from this resolution the defendant, Hernández Mena, appealed to this court in due time under the provisions of the appropriate section of the Code of Civil Procedure.

The appellant contends that the District Court of Mayagüez committed an error in the passing of the resolution aforesaid, because, as he alleges, the mover in his motion of July 19, 1912, had sworn to the same, and therefore it should have been taken as confessed, not having been answered in any manner by the plaintiff. The appellant claims that the trial court in said resolution violated section 132 of the Code of Civil Procedure and section 339 of the same code as amended by the act of March 12, 1908. He also refers to the fourth section of the Civil Code in support of his position.

The Civil Code in the fourth section referred to announces the universal proposition of law to the effect that all acts executed contrary to the provisions of law are void except when the law preserves their validity. There is no denying this proposition, and it is so well understood and so universally accepted that it was hardly necessary to refer to the statute. Section 132 of the Code of Civil Procedure is arranged in chapter seventh of the said code which treats of the "general rules of pleading." It provides substantially that no proof is necessary to sustain the allegations of the complaint when they are not controverted by the answer, but they must be taken for the purposes of the action to be true. This section, as well as the whole chapter in which it occurs, has relation to the pleadings properly so called; that is to say, to the complaint, the answer, and other pleadings which may occur in the regular course of bringing the case

to an issue, and cannot be extended. to cover motions such
as that giving rise to this appeal.   It will be seen that article
339 of the Code of Civil Procedure, as amended by the act
of March 8, 1908, relates to matters of costs and to orders
made in reference to the same after judgment of the trial
court has been rendered in the principal action and all other
questions settled in favor of one party or the other.   It is
provided in the amendatory act that where no objection has
been made in due time to a memorandum of costs, which
in this case includes disbursements and attorney's fees, or
where objection has been made and the final decision ren-
dered by the trial court thereon, and an appeal has been taken
and the order of the trial court confirmed or modified, that
the party against whom the costs have been taxed shall de-
posit the amount thereof with the secretary of the court
*within five days after notice thereof has been served upon
him by the secretary,* and further, that in the event of his
failure to make such a deposit, writs of execution shall issue
for the collection of the same in the same manner as in the
case of a regular judgment.   Of course, the proper construc-
tion of this section would not allow a writ of execution to
issue in this case or be levied upon the property of the de-
fendant unless he had been notified of the action of the
Supreme Court in affirming the resolution of the court below,
approving the memorandum of costs by which he was con-
demned to pay $137.20.

In the case as presented here the record shows no bill of
exceptions, statement of the facts, or statement of the case, nor
any other document by which we can be informed as to what
action the trial court took in ascertaining the facts whereon
to base the resolution complained of.   The appellant relies
solely on his motion and the fact that it was sworn to to
establish his position that he was not notified of the deci-
sion made by this Supreme Court in the affirmation of the
resolution approving the memorandum of costs.   For all that
appears from the record there may have been evidence intro-

duced or documents contained in the record which showed that the notification had been duly issued and served and that the statement in the motion, although sworn to, was incorrect. We cannot infer the truth of the facts set out in the motion simply from the affidavit attached thereto. The presumption is that the district court in the making of this resolution, as well as in all other similar proceedings, acted according to law, and it is incumbent upon the appellant or anyone else controverting that presumption to show by evidence or otherwise that such is not the case.

There being nothing in the record from which we can find any material error on the part of the district court in passing the resolution complained of, the appeal herein should be disregarded and the resolution of the court below in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.